LAW OFFICES OF ROBERT P. SPRETNAK
Robert P. Spretnak, Esq. (Bar No. 5135)
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 454-4900
Fax: (702) 938-1055
Email: bob @ spretnak.com

Attorney for Sahar Ghanavatian

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SAHAR GHANAVATIAN,

    Plaintiff,

vs.

MAX BRENNER LAS VEGAS LLC,
a Nevada limited liability company,
dba MAX BRENNER,

    Defendant.

Case No.:  2:14-cv-1675

**COMPLAINT**

**JURY DEMAND**

Plaintiff SAHAR GHANAVATIAN states as follows:

**Jurisdiction**

1. This is an action for damages arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17.

2. This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(4) (civil rights action), and 42 U.S.C. § 2000e-5(f)(3). This Court also has supplemental jurisdiction over any and all pendent state law claims pursuant to 28 U.S.C. § 1367.

3. All material allegations contained in this complaint are believed to have occurred in the State of Nevada, in the County of Clark;  therefore, pursuant to 28 U.S.C. § 1391(b)(2), venue properly lies in the southern division of the United States District Court for the District of Nevada.

**Exhaustion of Administrative Remedy**

4. On April 30, 2012, Ms. Ghanavatian filed a complaint of unlawful discrimination with the Nevada Equal Rights Commission ("NERC") against Defendant Max Brenner Las Vegas

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 1 of 8

1  LLC, alleging that she had been subjected to unlawful discrimination in employment due to sex
2  (female) and sexual orientation (Lesbian) during her employment with Defendant.

3      5.    On June 13, 2012, Ms. Ghanavatian formally submitted her Charge of Discrimination
4  against Defendant Max Brenner Las Vegas LLC to the NERC, alleging unlawful discrimination in
5  employment due to sex (female) and sexual orientation (Lesbian) during her employment with
6  Defendant.  A true and correct copy of this Charge of Discrimination is attached as Exhibit 1.

7      6.    By letter dated June 20, 2012, the NERC formally notified Defendant that Ms.
8  Ghanavatian filed a Charge of Discrimination.  A copy of Ms. Ghanavatian was attached to this
9  formal notification.  This formal notification was received by Defendant shortly after the date on the
10 letter stating that it was mailed.

11     7.    On March 12, 2013, Ms. Ghanavatian filed an Amended Charge with the NERC.  She
12 amended her Charge of Discrimination to include allegations that she was subjected to unlawful
13 discrimination on account of her national origin (Persian/Iranian) and that she had been subjected
14 to unlawful retaliation in response to her filing her earlier Charge of Discrimination.  A true and
15 correct copy of this Amended Charge of Discrimination is attached as Exhibit 2.

16     8.    By letter dated July 15, 2014, the EEOC issued its "Dismissal and Notice of Rights"
17 to Ms. Ghanavatian.  A true and correct copy of this Notice is attached as Exhibit 3.

18     9.    Ms. Ghanavatian subsequently received this Notice.

19     10.    This action has been filed with this Court within 90 days of the date of the "Dismissal
20 and Notice of Rights" sent to Ms. Ghanavatian and within 90 days of Ms. Ghanavatian's receipt of
21 said notice.  Therefore, this action is timely filed pursuant to 42 U.S.C. § 2000e-5(f).

22     11.    Ms. Ghanavatian, therefore, has exhausted her administrative remedy on all claims
23 pled hereunder prior to filing this action with this Court.

**General Allegations**

25     12.    Ms. Ghanavatian repeats the allegations contained in paragraphs 1 to 11, *supra*.
26     13.    At the time that each of the allegations set forth in this Complaint occurred, Ms.
27 Ghanavatian was a citizen of the State of Nevada and a resident of Clark County, Nevada.
28     14.    Defendant Max Brenner Las Vegas LLC is a limited liability company organized

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

under the laws of the State of Nevada. It transacted business in Clark County, Nevada, under the name "Max Brenner." Its place of business within Clark County, Nevada, was 3500 Las Vegas Boulevard South, Las Vegas, Nevada.

15. Defendant had over 15 employees at all times relevant to this matter.

16. Ms. Ghanavatian commenced employment with Defendant as a Server on or around July 21,2010.

17. Ms. Ghanavatian is female.

18. Ms. Ghanavatian is Lesbian.

19. Ms. Ghanavatian is of Persian/Iranian heritage.

20. The following particulars of the claims of unlawful discrimination and retaliation to which Ms. Ghanavatian was subjected during her employment with Defendant were set forth in the Charge of Discrimination that she filed with the NERC and which is attached as Exhibit 1:

   a. From January 3, 2012, through January 17, 2012, Defendant, through its employees, agents and managers, harassed Ms. Ghanavatian and denied her equal terms and conditions of employment.

   b. On January 3, 2012, Ms. Ghanavatian was introduced to the new general manager, Scott Adriance. In the course of their first meeting, Mr. Adriance said to Ms. Ghanavatian, "Why do you look that way?"

   c. Over the course of the two weeks subsequent to that meeting, Mr. Adriance would make crude and hurtful comments to other employees which were clearly referencing Ms. Ghanavatian. For example, he once told another female employee, "If you cut your hair any shorter, you'll look like a f---ing dyke." This comment clearly referenced Ms. Ghanavatian as she was the female server with the shortest hair and she was the only female server who was out as Lesbian.

   d. Over the course of the two weeks subsequent to that meeting, Mr. Adriance would hold Ms. Ghanavatian to a different, stricter, standard of work performance. He would continually chastise Ms. Ghanavatian and criticize her work in front of others, a practice he did not repeat with other servers. He would continually chastise Ms. Ghanavatian for not getting guests their checks "quickly enough," but not openly criticize other servers for substantially similar job

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

performance.

e. Ms. Ghanavatian filed her initial complaint with the NERC on or about April 30, 2012.

21. The following additional particulars of the claims of unlawful discrimination and retaliation to which Ms. Ghanavatian was subjected during her employment with Defendant were set forth in the Amended Charge of Discrimination that she filed with the NERC and which is attached as Exhibit 2:

a. During the entire period of Ms. Ghanavatian's employment in which Mr. Adriance was General Manager, Mr. Adriance showed favoritism in scheduling, station assignments, and discipline towards employees who had a light, "Northern European" complexion and hair color. Ms. Ghanavatian and one other female were the only employees of Persian/Iranian ancestry, heritage or ethnicity, and, as such, were the employees with the darkest complexion and hair color.

b. Shortly after Defendant received Ms. Ghanavatian's Charge of Discrimination in June 2012, her schedule was reduced and she was assigned to work fewer hours than servers with less seniority.

c. On August 20, 2012, Ms. Ghanavatian was written up and suspended for an alleged "no call no show" on August 16, 2012, when, in fact, Ms. Ghanavatian had never been given a schedule showing that she was scheduled to work that day or that week.

d. No other server had his of her schedule changed with the level of frequency that Ms. Ghanavatian had her schedule changed during this time period.

e. No other server had ever filed a charge of discrimination against Defendant with the NERC or EEOC.

f. On August 27, 2012, Ms. Ghanavatian was fired.

g. Ms. Ghanavatian was told that she was being fired for insubordination because she asked to have her attorney present when Defendant demanded that she sign a document that falsely described the events of the incident regarding August 16, 2012, referenced in paragraph 21(b) above.

. . . .

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 4 of 8

**First Claim for Relief**

*Unlawful Sex Discrimination in Violation of Title VII and NRS 613.330(1)*

22. Ms. Ghanavatian repeats the allegations contained in paragraphs 1 to 21, *supra*.

23. By the actions set forth above, Defendant violated 42 U.S.C. § 2000e-2(a) and NRS 613.330(1) because it unlawfully discriminated against Ms. Ghanavatian because of her sex, female:

    a. Ms. Ghanavatian is female.

    b. Ms. Ghanavatian was qualified for her position of Server and performed at a level deemed acceptable in servers who were not female.

    c. Ms. Ghanavatian was subject to adverse job actions, including scheduling changes, inequitable discipline and eventual termination.

    d. These adverse job actions occurred under circumstances indicating sex discrimination.

    e. The stated reasons for giving preferential treatment to those not of the same gender as Ms. Ghanavatian were a pretext for invidious and unlawful sex discrimination.

24. Because Defendant unlawfully discriminated against Ms. Ghanavatian because of her sex, Defendant must pay Ms. Ghanavatian damages in an amount to be determined at trial for backpay, frontpay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

25. Ms. Ghanavatian has had to procure the services of an attorney to protect her rights and to secure compensation for damages incurred as a result of these violations of Title VII; therefore, she is entitled to recover reasonable attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k).

**Second Claim for Relief**

*Unlawful Sexual Orientation Discrimination in Violation of NRS 613.330(1)*

26. Ms. Ghanavatian repeats the allegations contained in paragraphs 1 to 25, *supra*.

27. By the actions set forth above, Defendant violated NRS 613.330(1) because it unlawfully discriminated against Ms. Ghanavatian because she is Lesbian:

    a. Ms. Ghanavatian is Lesbian.

    b. Ms. Ghanavatian was qualified for her position of Server and performed at

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 5 of 8

a level deemed acceptable in servers who were not gay or Lesbian.

   c. Ms. Ghanavatian was subject to adverse job actions, including scheduling changes, inequitable discipline and eventual termination.

   d. These adverse job actions occurred under circumstances indicating discrimination on the basis of sexual orientation.

   e. The stated reasons for giving preferential treatment to those not who were not gay or Lesbian were a pretext for invidious and unlawful sex discrimination.

 28. Because Defendant unlawfully discriminated against Ms. Ghanavatian because of her sexual orientation, Defendant must pay Ms. Ghanavatian damages in an amount to be determined at trial for backpay, frontpay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

 29. Ms. Ghanavatian has had to procure the services of an attorney to protect her rights and to secure compensation for damages incurred as a result of these violations of NRS 613.330(1); therefore, she is entitled to recover an additional amount as special damages for attorney's fees incurred.

### Third Claim for Relief

*Unlawful National Origin Discrimination in Violation of Title VII and NRS 613.330(1)*

 30. Ms. Ghanavatian repeats the allegations contained in paragraphs 1 to 29, *supra*.

 31. By the actions set forth above, Defendant violated 42 U.S.C. § 2000e-2(a) and NRS 613.330(1) because it unlawfully discriminated against Ms. Ghanavatian because of her national origin, Persian/Iranian:

   a. Ms. Ghanavatian is of the Persian or Iranian ethnic heritage.

   b. Ms. Ghanavatian was qualified for her position of Server and performed at a level deemed acceptable in servers who were not dark-skinned.

   c. Ms. Ghanavatian was subject to adverse job actions, including scheduling changes, inequitable discipline and eventual termination.

   d. These adverse job actions occurred under circumstances indicating national origin discrimination.

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 6 of 8

e. The stated reasons for giving preferential treatment to those who were of lighter skin and hair color relative to Ms. Ghanavatian, and the other employee of Persian/Iranian ancestry, heritage or ethnicity, were a pretext for invidious and unlawful national origin discrimination.

32. Because Defendant unlawfully discriminated against Ms. Ghanavatian because of her sex, Defendant must pay Ms. Ghanavatian damages in an amount to be determined at trial for backpay, frontpay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

33. Ms. Ghanavatian has had to procure the services of an attorney to protect her rights and to secure compensation for damages incurred as a result of these violations of Title VII; therefore, she is entitled to recover reasonable attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k).

## Fourth Claim for Relief

*Unlawful Retaliation in Violation of Title VII and NRS 613.330(1)*

34. Ms. Ghanavatian repeats the allegations contained in paragraphs 1 to 33, *supra*.

35. By the actions set forth above, Defendant violated 42 U.S.C. § 2000e-3(a) and NRS 613.340(1) because it unlawfully retaliated against Ms. Ghanavatian for filing her Charge of Discrimination with the NERC.

36. Because Defendant unlawfully retaliated against Ms. Ghanavatian for filing a Charge of Discrimination, Defendant must pay Ms. Ghanavatian damages in an amount to be determined at trial for backpay, frontpay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

37. Ms. Ghanavatian has had to procure the services of an attorney to protect her rights and to secure compensation for damages incurred as a result of these violations of Title VII; therefore, she is entitled to recover reasonable attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff SAHAR GHANAVATIAN prays that the following judgment be entered upon a trial by jury, against Defendant MAX BRENNER LAS VEGAS LLC, a Nevada limited liability company, dba MAX BRENNER:

1. Monetary damages in an amount to be determined at trial, which continue to accrue;

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

2. An award of interest on the amount owed;

3. Punitive damages;

4. An award of attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k), or any other statute, as appropriate; and

5. Any further relief that this Court deems just.

Respectfully submitted,

LAW OFFICES OF ROBERT P. SPRETNAK

By: /s/ Robert P. Spretnak
    Robert P. Spretnak, Esq.

Attorney for Sahar Ghanavatian

8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 8 of 8